**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TRUIST INVESTMENT
SERVICES, INC.

    Plaintiffs,

v.

JAMES H. WARREN AND LINDA
J. BURKE,

    Defendants.
_____/

CASE NO.

CIVIL DIVISION

**STATUTORY INTERPLEADER COMPLAINT**

Plaintiff, Truist Investment Services, Inc. ("Truist"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1335; 28 U.S.C. § 1332 and 28 U.S.C. § 1397, brings this action in the nature of statutory interpleader, and sues Defendants, James H. Warren and Linda J. Burke, (collectively "Defendants"), and alleges as follows:

**PARTIES**

1. Plaintiff, Truist Investment Services, Inc., is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

2. Defendant, James H. Warren ("Warren"), is a citizen and resident of Broward County, Florida.

3. Upon information and belief, Defendant, Linda J. Burke ("Burke"), is a citizen and resident of Gwinnett County, Georgia, and was acquainted with Michael O. Warren (the "Decedent"). Defendant Warren is the nephew of the Decedent.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon 28 U.S.C. § 1335[1], as this is an action in the nature of interpleader filed by Truist which has certain funds in its custody in the value of $500 or more, and two adverse claimants of different citizenship who may claim to be entitled to such funds.

5. Additionally, jurisdiction is based upon 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Defendants are citizens of Florida and Georgia, respectively. Thus, sufficient diversity exists between Defendants.

6. Federal courts exercise "nationwide jurisdiction" in statutory interpleader cases. Parties served under 28 U.S.C. § 2361 are subject to personal jurisdiction in the interpleader court even if they do not have contacts with the forum state. Thus, both Defendants are subject to personal jurisdiction in this Court.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1397, as one or more of the defendants reside in this District.

## GENERAL ALLEGATIONS

8. On or about December 11, 2007, the Decedent opened an Individual Account with Truist with an account number ending in 5618 (the "Original Account"). At the time the Original Account was opened, there was no named beneficiary on the account.

9. On or about April 22, 2008, it appears that a Supplemental Transfer on Death Registration form, (the "T.O.D Form"), was submitted to Truist, naming Defendant Burke as the

---

[1] The interpleader statute, 28 U.S.C. § 1335, applies where there are '[t]wo or more adverse claimants, of diverse citizenship.' This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Thus, complete diversity between the parties to the action is not required.

100% beneficiary on the Original Account. While Truist subsequently found a copy of the T.O.D. Form in its records, the Original Account was never amended to include this beneficiary designation.

10. Despite the Decedent receiving periodic account statements showing that the Original Account was not updated to include the beneficiary designation, the Decedent did not take any further action to change the beneficiary on the Original Account over a time period of many years.

11. In April 2020, the Decedent passed away. Notably, Truist did not discover the T.O.D Form until several months after the Decedent's death.

12. The Original Account was valued at Three Hundred Sixty-Six Thousand and Seven Hundred Fifty-Nine Dollars ($366,759.00) at the time of the Decedent's death.

13. Shortly thereafter, on August 17, 2020, Defendant Warren was named the administrator of the Decedent's estate.

14. In August 2020, Truist received notice that Defendant Warren was the personal representative of the Decedent's estate. As evidence thereof, Defendant Warren provided Truist with Letters of Administration from the Newton County, Georgia Probate Court, and a Georgia Death Certification for the Decedent.

15. Prior to opening an estate account for the Decedent's assets, Truist reviewed the Decedent's Original Account profile to determine if there was a designated beneficiary. As previously stated, the Original Account did not include notice of a designated beneficiary.

16. On or about August 31, 2020, Defendant Warren opened an Estate Account with Truist with an account number ending in 7034, (the "Estate Account"). The Estate Account was opened for the purpose of accepting delivery of the assets in the Original Account.

17. Shortly thereafter, the Decedent's assets from the <u>Original Account</u> were transferred into the <u>Estate Account</u>.

18. In January 2021, Defendant Warren opened an Individual Brokerage Account with Truist with an account number ending 6020, (the "<u>Brokerage Account</u>").

19. In February 2021, Defendant Warren submitted a request to transfer the assets from the <u>Original Account</u> to his personal <u>Brokerage Account</u>.

20. On or about February 4, 2021, the assets from the <u>Estate Account</u> were transferred to Defendant Warren's personal <u>Brokerage Account</u>, and currently remain there.

21. On or about March 12, 2021, Defendant Warren entered into a Collateral Security Agreement with Truist, (the "CSA"), which pledged the assets currently held in the <u>Brokerage Account</u> as collateral for a Select Credit Line Account, (the "SCLA"). Defendant Warren subsequently drew down on the SCLA which was collateralized with Truist under the CSA.

22. Thereafter, Truist discovered a copy of the T.O.D Form in its records concerning the Decedent's accounts. Upon information and belief, the T.O.D Form was never accepted by National Financial Services, the clearing firm for such requests.

23. On or about June 8, 2021, a Change in Terms Notice, (the "Notice"), was sent to Defendant Warren regarding his SCLA. The Notice advised Defendant Warren that his assets were frozen because the ownership of the <u>Original Account</u> was currently the subject of dispute due to the discovery of the T.O.D Form.

24. All conditions precedent to the filing of this action have been performed, or have been waived.

## COUNT I – STATUTORY INTERPLEADER

25. This is an action in the nature of interpleader under 28 U.S.C § 1335, which seeks certainty as to the Defendants' rights regarding the disposition and ownership of the funds from the Original Account.

26. Truist re-alleges and reincorporates the allegations contained in all preceding paragraphs above as if full set forth herein.

27. Truist is currently holding in its possession and control the funds from the Original Account.

28. Truist may be subject to multiple lawsuits and may be exposed to multiple liability unless this Court requires Defendants to assert in this action and for the Court to resolve, any claims they have or may wish to assert as to the rightful disposition and ownership of the funds from Original Account.

29. After the death of the Decedent, a dispute existed regarding the rightful disposition and ownership of the funds in the Original Account.

30. As a result of locating the T.O.D Form naming Defendant Burke as the 100% beneficiary on the Original Account, Truist is uncertain as to whether she is rightful owner of the funds from Original Account.

31. Further, Truist is uncertain as to whether Defendant Warren, as the administrator of the Decedent's estate, is the rightful owner of the funds from Original Account.

32. Truist is concerned that both Defendants may assert a claim regarding the disposition and ownership of the funds from the Original Account.

33. Truist is an interested stakeholder to this action because it does assert an interest in the funds once held in the Original Account by virtue of collateral security agreement between Truist and Defendant Warren.

34. Therefore, there is presently an actual, justiciable controversy as the rightful disposition and ownership of the funds from the Original Account.

35. As a result, the rightful beneficiary of the Original Account remains contested and Truist seeks to avoid by this action multiple lawsuits and the exposure to multiple liability by giving the Defendants the opportunity to litigate between themselves.

**WHEREFORE,** Plaintiff, Truist Investment Services, Inc., by and through its undersigned attorneys, respectfully requests that the Court order each of the Defendants to interplead and resolve their respective rights and claims to the disposition and ownership of the funds from the Original Account, award fees and costs to Truist as may be authorized by law, as well as granting such other relief as the Court deems just and proper.

Dated this 1st day of November, 2021.

                                      Respectfully submitted,

                                      **GRAY|ROBINSON, P.A.**
                                      *Counsel for Plaintiff Truist Bank*
                                      401 E. Las Olas Blvd., Suite 1000
                                      Fort Lauderdale, Florida 33301
                                      P: 954-761-8111 | F: 954-761-8112

                                      By:    */s/ Thomas H. Loffredo*
                                                     Thomas H. Loffredo, Esq.
                                                     Florida Bar No. 870323
                                                     Tom.Loffredo@gray-robinson.com
                                                     Sophie M. Labarge, Esq.
                                                     Florida Bar No. 1025145
                                                     Sophie.Labarge@gray-robinson.com